No. 39,401

SAM BORMASTER, *Appellant* and *Cross-appellee*, v. RUTH BORMASTER, *Appellee* and *Cross-appellant*.

(274 P. 2d 757)

Opinion filed October 9, 1954.

*R. L. Letton,* of Pittsburg, argued the cause, and *P. E. Nulton,* of Pittsburg, was with him on the briefs for the appellant and cross-appellee.

*Sylvan Bruner,* of Pittsburg, and *Walter B. Patterson,* of Ft. Scott, argued the cause, and *L. M. Resler* and *Morris Matuska,* both of Pittsburg, were with them on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

HARVEY, C. J.: Plaintiff brought this action against his former wife for contribution in the amount of one-half of income tax deficiency, plus penalties and interest, assessed by the Internal Revenue Service against plaintiff and defendant on their joint returns for the years 1945 through 1949. A jury was waived and the trial by the court resulted in a judgment in favor of plaintiff for one-half of the tax deficiency but denied him recovery for penalties and interest. Plaintiff has appealed and defendant has filed a cross-appeal. The material facts may be summarized as follows:

Plaintiff and defendant were married March 2, 1940; they were divorced on June 21, 1951, on the petition of the wife and for the fault of the husband. For the last half or more of their married life they appeared to have been unusually prosperous. The husband conducted several businesses including the handling of real estate. While perhaps the husband outlined and managed the various businesses the wife appears to have been an able assistant in some of them. The parties had two or more bank accounts; title to both real and personal property was acquired, some of it in the name of one or the other, and some of it in the name of both of them. At the time of the divorce they had two children, a girl seven and a boy three years of age. The custody of the children was given to the wife and the husband was required to pay $100 a month for their maintenance; certain described property was set over to the wife; other described property was set over to the husband, and a substantial amount of property was set over to the children to be handled by a guardian for their benefit, and the court decreed that the wife was a suitable person to be the guardian of the estate of the children. The value of these properties was not mentioned in the decree. During all their married life the parties lived in Pittsburg, Kansas, but apparently soon after the divorce the wife moved to Michigan City, Indiana. Later she married and her present surname is Kottler. Through the years 1945-1949 the husband prepared, or caused to be prepared, joint returns for federal income tax purposes, filed them with the proper officials

and the federal income tax for those years was assessed upon those returns and paid. Agents of the Internal Revenue Service of the Treasury Department of the United States made an examination of the tax returns for the years in question and on the 5th day of February, 1952, made a deficiency assessment of additional taxes, assessed penalties and computed interest to February 5, 1952, and found a total liability of the parties to the federal government of $51,258.88 segregated by years as follows:

| Year | Additional income tax | Interest | Penalty |
|------|----------------------|----------|---------|
| 1945 | $10,790.18 | $3,801.39 | $5,395.05 |
| 1946 | 11,530.55 | 3,370.39 | 5,765.28 |
| 1947 | 3,894.07 | 904.60 | 1,947.04 |
| 1948 | 2,086.28 | 359.47 | 1,043.14 |
| 1949 | 333.94 | 37.50 | |
| | 28,635.02 | 8,473.35 | 14,150.51 |

The pertinent portions of the pleadings may be summarized as follows: In a petition filed July 29, 1952, and the amended petition filed June 17, 1953, plaintiff alleged that he and defendant were husband and wife during the years 1945 to 1949; that each of them had separate incomes for each of those years; that neither of them made an individual tax income return; that for each of the years they made a joint federal income tax return upon which all proper deductions were claimed and allowed; that the parties were divorced by a decree entered June 12, 1951; that the then owned property was divided and set off, part to plaintiff in the divorce, part to defendant, and part to the children as previously noted herein, ". . . and upon the express agreement and understanding that the tax deficiency which was to be subsequently determined on completion of the audit by the Internal Revenue Agents then in progress was to be paid and satisfied by the parties in equal shares and amounts, . . . that the agreement of division of property aforementioned was made in reliance upon the said agreement as to the sharing of the satisfaction of the then undetermined tax liability which agreement was a substantial and material consideration and inducement for the agreement of division of property aforesaid." Plaintiff further alleged that he had made payments of the joint and several liability of the plaintiff and defendant in the sum of $34,255.22, and that he was entitled to have judgment for contribution from defendant in the sum of $17,127.61 for which sum he prayed judgment. This was increased somewhat by a supplement to the petition which

included interest to a later date but we are not here concerned with that.

Defendant's answer filed July 10, 1953, contained an allegation that plaintiff's petition did not state sufficient facts to constitute a cause of action in favor of plaintiff and against defendant. It admitted formal allegations and as to others contained a general denial. It specifically admitted that the parties were divorced June 12, 1951, and alleged that in that action all matters in controversy, including property rights and liability that could or should have been presented in said action, were finally determined and settled including the present action in contribution; that if plaintiff had any claim for contribution of income tax liability he was obligated to present the matter in the divorce case and having failed to do so he lost all right for redress. Defendant further alleged that she filed joint returns for only the years of 1946, 1948 and 1949, and upon that tax liability she had paid $3,400.00, plus about $500 collected in rents by the internal revenue agent, and in addition thereto she agreed to pay the sum of $9,214.72 and upon the payment thereof defendant would have contributed more than one-half of her joint tax liability with plaintiff; but defendant specifically denied that she entered into any express agreement or understanding on the subject of income tax liability or contribution in connection therewith and denied she was indebted to plaintiff in any sum and plaintiff filed an appropriate reply to the answer.

After a trial which was quite complete on all issues and after considering the pleadings the trial court made findings of fact and conclusions of law as follows:

"FINDINGS OF FACT.

"(1) That defendant had separate income for the years 1945 through 1949, inclusive.

"(2) That the preparation of income tax returns for the years 1945 through 1949, inclusive, was exclusively under the control and direction of the plaintiff, and that defendant had no knowledge of the contents or accuracy of said returns.

"(3) That the tax liability of the parties, exclusive of fraud and penalties, was the sum of $28,635.02.

"CONCLUSIONS OF LAW.

"(1) That plaintiff and defendant were jointly and severally liable to the federal government for the whole of the tax liability, including fraud and penalties.

"(2) That the divorce decree of June 12, 1951, divorcing this defendant from

this plaintiff in the above entitled Court did not act as a bar to the plaintiff's right of recovery in this action.

"(3) That plaintiff is not entitled to recover in this action for any amounts paid to the federal government by him which were payments for fraud penalties or interest.

"(4) That defendant is indebted to plaintiff for one-half of the actual tax liability, excluding all fraud penalties and interest.

"(5) That judgment should be rendered herein in favor of plaintiff and against defendant for the sum of $14,312.51, and that defendant should be credited as against said amount for all payments made by her to the federal government in discharge of the tax liability of these parties."

The court concluded that it had been stipulated in the action that defendant had paid a total of $12,617.53 upon the tax lien in question and that there was a balance due of $1,694.98 for which judgment was rendered.

Plaintiff, appellant in this court, raises but one question. He contends the court erred in not requiring defendant to pay one-half of the penalties and interest. He points out that the deficiency claimed by the federal government was against both of the parties. The point is not well taken. When plaintiff seeks contribution the action is one in equity. The penalties and interest were occasioned by the sole acts of the plaintiff. The court found that the preparation of the income tax returns for the years 1945 through 1949 was exclusively under the control and direction of the plaintiff and that defendant had no knowledge of the contents or accuracy of the returns. There is no contention that this finding was erroneous. In fact it may be said to be conceded the finding was accurate. So, the plaintiff, by his own conduct in failing to make complete returns, incurred the penalties and interest. By the action for contribution against his wife he is not entitled to charge her with the result of his own misdoing.

Counsel for defendant and cross-appellant contend, first, that the divorce decree foreclosed the right of plaintiff for any action and right of contribution. We think the point is not well taken. It is true that normally property rights of the parties are settled by divorce decree but the parties could not settle anything between themselves that would bar the government's claim for deficiency taxes. This claim was not made until February 2, 1952, more than eight months after the decree of the divorce. Plaintiff's allegation to the effect that the matter was discussed and agreed upon at the time of the divorce and entered into their negotiations for the distribution of property was not supported by the evidence. We do not recall

reading any competent evidence bearing on the question. We think the court correctly held in its conclusion of law No. 2 that the decree in the divorce case did not act as a bar to plaintiff's right to recover in this action.

The court allowed recovery only for the actual taxes. Had the returns been properly made out those taxes would have been assessed each year and plaintiff and defendant would have been liable jointly and severally for them. The respective parties apparently understood that, for before this action was tried each of them had paid substantial sums to the federal government on this liability.

Counsel next contend that plaintiff is not entitled to recover contribution even as to the actual taxes. We think that is going too far. Defendant should contribute her proper share to the payment of the actual taxes. In fact, she had paid most of it to the federal government before the trial of this action.

It is next argued that defendant had no gross income for federal income tax purposes for the years 1945 and 1947. That specific point was not raised as a pleading nor passed upon by the court and is not before us for adjudication. Somewhat similar questions are raised with respect to other years. We think they are not properly before us.

Counsel for the respective parties have cited several authorities. We have examined these and others but none of them is directly in point. We think it not necessary to cite and distinguish the authorities cited. Plaintiff's only controverted point is whether he can recover in this action from his wife a portion of the penalties and interest assessed because he, in making out the tax returns, omitted to make full returns with respect to the joint income. Defendant was not responsible for those acts and as above determined it seems clear that he alone should be responsible.

We find no error in the record. The judgment of the trial court is affirmed.