**GREAT WEST CASUALTY COMPANY, Plaintiff,**

v.

**CANAL INSURANCE COMPANY, Defendant.**

**No. 85–4094–R.**

United States District Court, D. Kansas.

July 26, 1989.

Allen G. Glendenning, Turner & Boisseau, Great Bend, Kan., and David W. Steed, Turner & Boisseau, Wichita, Kan., for plaintiff.

Stephen M. Kerwick, Foulston & Siefkin, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon defendant's motion for reconsideration of the court's order of February 8, 1989, 706 F.Supp. 761. Defendant seeks reconsideration of the court's order concerning the issue of expenses and attorney's fees. Having carefully reviewed the briefs filed by the parties, the court is now prepared to rule.

On February 8, 1989, the court entered judgment for the plaintiff in the amount of $44,316.49. The court held that the plaintiff was entitled to equitable contribution from the defendant as co-insurers for sums paid in settlement of a claim brought against a joint insured. The court determined that the plaintiff was entitled to one-half of each of the following: (1) the liability payments; (2) the personal injury protection benefits; (3) the attorney's fees in making the settlement; and (4) the costs and administrative expenses in making the settlement.

In the instant motion, defendant contends that the court erred in allowing plaintiff to recover one-half of the costs, administrative expenses and attorney's fees incurred by plaintiff for resolution of the underlying claim and for prosecution of this action. Defendant asserts that this issue is controlled by *Maryland Casualty Co. v. American Family Insurance Group*, 199 Kan. 373, 429 P.2d 931 (1967).

Plaintiff maintains that the court's ruling was correct based on the court's application of the doctrine of equitable contribution. Plaintiff further argues that *Maryland Casualty* is distinguishable from the circumstances in this case.

In *Maryland Casualty*, a secondary insurer brought an action against a primary insurer to recover the amount paid in settlement of a claim against their insured. The secondary insurer sought to recover the amount of the settlement plus its attorneys' fees in effecting the settlement. The Kansas Supreme Court held that the secondary insurer was entitled to the amount of the settlement, but was not entitled to its attorneys' fees. The Court found that contribution was not appropriate for the attorneys' fees. The Court stated:

> In our opinion, plaintiff, under its policy, had a contractual duty with its insured (Willis) to defend the lawsuit instituted by the injured party, and such duty was personal and distinct from indemnification. Accordingly, plaintiff had no right of contribution from the defendant for attorneys' fees incurred in making such defense, notwithstanding that the defendant may also have had a duty to defend Willis as an omnibus insured.

429 P.2d at 942.

Having carefully reviewed the arguments of the parties, the court concludes that the teachings of *Maryland Casualty* must be applied here. We find that the defendant's argument in the instant motion has merit. Although the context of *Maryland Casualty* differs from the instant case, the principle set forth in *Maryland Casualty* applies here. Accordingly, the court shall vacate the portion of its order of February 8, 1989 allowing plaintiff one-half of the costs, administrative expenses and attorney's fees incurred in the resolution of the underlying claim and for the prosecution of this case. The court's judgment for the plaintiff shall be reduced by the sum of $2,305.73.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration be hereby granted. The judgment entered by the court on February 8, 1989 is hereby amended to show judgment for the plaintiff in the amount of $42,010.76 plus costs.

IT IS SO ORDERED.