**GREAT WEST CASUALTY COMPANY,**
Plaintiff–Appellee,

v.

**CANAL INSURANCE COMPANY,**
Defendant–Appellant.

No. 89–3211.

United States Court of Appeals,
Tenth Circuit.

April 27, 1990.

Stephen M. Kerwick of Foulston & Siefkin, Wichita, Kan., for defendant-appellant.

Deborah T. Carney (David W. Steed and Robert J. Nugent on the brief), of Turner and Boisseau, Wichita, Kan., for plaintiff-appellee.

Before BRORBY, EBEL, Circuit Judges, and JOHNSON,* District Judge.

PER CURIAM.

This diversity action was brought by one insurance company seeking equitable contribution from another insurance company, and it presents two issues. First, whether Kansas law recognizes equitable contribu-

---

* Honorable Alan B. Johnson, District Judge, United States District Court for the District of Wyoming, sitting by designation.

tion claims independent of subrogation theory in the context of statutorily required minimum insurance coverage for liability to a third party; and second, whether the liability of a carrier with a statutorily invalid exclusion of liability to occupants is deemed to be limited to the same liability as the minimum coverage prescribed by Kansas statute. We hold that under Kansas law, equitable contribution is independent of subrogation principles in these circumstances, and further, that a statutorily prohibited exclusion is void only to the extent of the minimum coverage required by the statute.

This declaratory judgment action was submitted to the district court on stipulated facts. We draw liberally from the district court's description of these facts. *Great W. Casualty Co. v. Canal Ins. Co.*, 706 F.Supp. 761, 762–64 (D.Kan.1989), *amended on reconsideration*, No. 85–4094–R, 1989 WL 88076 (D. Kan. July 26, 1989). On May 11, 1985, a tractor trailer rig owned by Mangold Trucking was involved in a single-vehicle accident in Logan County, Kansas. As a result of the accident, Teresa Munkres, a passenger in the Mangold Trucking truck, was killed. Both plaintiff-appellee Great West Casualty Co. (Great West) and defendant-appellant Canal Insurance Co. (Canal) had issued automobile liability policies to Mangold Trucking which were in effect at the time of the accident.

Munkres' spouse and minor child claimed damages against Mangold Trucking, which Great West settled and paid. Great West then sought contribution from Canal of one-half of the settlement amount plus one-half of the personal injury protection (PIP) benefits and one-half of the fees, costs, and expenses.

The policies issued by Great West and Canal were similar in some respects. Pertinent to this case, both policies provided for pro rata payments from the issuer, in the same proportion that the policies' coverage limits bore to the total liability coverage provided by the combination of policy coverages. Both policies limited liability coverage to $500,000 per occurrence.

However, the Canal policy contained an occupant hazard exclusion which was not part of the Great West policy. Canal denied liability for contribution based on this exclusion:

## ENDORSEMENT

## OCCUPANT HAZARD EXCLUDED

It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile.

It is further agreed that, in the event the company shall, because of provision of the Federal or State statutes become obligated to pay any sum or sums of money because of such bodily injury or death resulting therefrom, the insured agrees to reimburse the company for any and all loss, costs and expenses paid or incurred by the company.

R. tab 26, ex. A at 23 (referred to herein as the occupant exclusion).

In the district court, Canal argued that the occupant exclusion precludes coverage for the Munkres' claim. Great West responded that the exclusion was null and void due to mandated coverage under the Kansas Automobile Injury Reparations Act, Kan.Stat.Ann. §§ 40–3101 through –3121 (1986 & Supp.1989) (KAIRA). Canal countered with the argument that Great West's claim was derived from its insured, and that since Mangold Trucking was responsible to reimburse Canal for any payments made under the exclusion, Great West could derive no greater rights than Mangold Trucking would receive. In the alternative, Canal argued that it should not be held liable for fifty percent of the claim, as demanded by Great West. Its position on this second issue was that if the KAIRA was deemed to impose liability on Canal, Canal's liability should be limited to the $100,000 minimum coverage under the statute. Under this argument, Canal would be liable for one-sixth of the claim pursuant to its pro rata share of the total available

coverage ($500,000 (Great West) plus $100,000 (Canal), totalling $600,000). In addition, Canal argued in the district court that it should not be liable for Great West's attorneys' fees, costs or administrative expenses but only its pro rata share of the Munkres' claim itself.

The district court found in favor of Great West on all issues. It rejected Canal's attempt to apply the equitable principle of subrogation to avoid coverage, finding no support for such application in Kansas law. *Great West*, 706 F.Supp. at 764. It noted that the exclusion was ineffective as to third party actions as "an impermissible attempt to dilute the coverage mandated by the [KAIRA]." *Id.* The court held that the exclusion was ineffective in an action for equitable contribution by another insurer, just as it would be in a direct claim under the policy. *Id.* at 764–65.

In addition, the court rejected as "inequitable" Canal's argument that it should pay only one-sixth of the claim, *id.* at 765–66, reasoning that the limitation of KAIRA coverage to KAIRA's minimum level was not "clearly and specifically set forth in [Canal's] policy." *Id.* at 766 (relying on *DeWitt v. Young*, 229 Kan. 474, 625 P.2d 478, 483 (1981) ("We do, however, caution that the limited application of such exclusions should be clearly and specifically set forth in the policy.").

And finally, the court ordered Canal to contribute one-half of the liability claim, one-half of the PIP claim, one-half of the attorney's fees incurred in reaching the settlement and one-half of the costs and administrative expenses involved with the settlement. While Canal resisted paying any portion of the fees, costs or expenses, the court ordered it to do so "based on equitable considerations." *Great West*, 706 F.Supp. at 766.

Five months later, in an unpublished memorandum and order on Canal's motion for reconsideration, the court vacated the portion of its order awarding Great West one-half of the attorney's fees and administrative costs and expenses. The court was persuaded by the holding of *Maryland Casualty Co. v. American Family Insur-*ance Group*, 199 Kan. 373, 429 P.2d 931 (1967). In *Maryland Casualty*, the primary insurer had refused to defend and the secondary insurer defended under policy coverage coextensive to that of the primary insurer. The court refused to grant the secondary insurer contribution from the primary insurer for fees, costs and expenses incurred in defending the insured, ruling that the secondary insurer had a duty to defend the lawsuit, and that such duty was personal and distinct from indemnification from the primarily liable insurer, notwithstanding the coextensive relationship between the insured and the primarily liable insurer. *Id.* 429 P.2d at 942.

On appeal, Canal does not contest responsibility for one-half of the PIP payment, but only requests review of the district court's imposition of one-half of the third party liability claim settlement. This is a question of law, which we review *de novo*. *Lilly v. Fieldstone*, 876 F.2d 857, 858 (10th Cir.1989).

■■■ We agree with the district court that Canal's insurance policy could not abrogate Canal's responsibility under the clear and mandatory requirements of the KAIRA. As an initial matter, we note that the district court correctly began its analysis of equitable contribution between co-insurers with the requirement that the interests covered must be common to both insurers. *American States Ins. Co. v. Hartford Accident & Indem. Co.*, 218 Kan. 563, 545 P.2d 399 (1976). In *American States*, the court held:

> The doctrine of equitable contribution has long been recognized by this court as a remedy available to one who is compelled to bear more than his fair share of a common burden or liability to recover from the others their ratable proportion of the amount paid by him. It is a principle of equity applicable only where the situations of the parties are equal under a common liability or burden. Between insurers, it is generally a prerequisite to enforcing contribution that their policies insure the same interests.

*Id.* 545 P.2d at 407 (citations omitted); *see also Great W. Casualty Co. v. Truck Ins. Exch.*, 358 F.2d 883, 886 (10th Cir.1966).

■ We also agree with the district court concerning Canal's responsibility for an equitable contribution to the settlement. Canal's attempt to circumvent its liability to a third party claimant by superimposing a circuitous route of subrogation through the insured to the primary insurer is contrary to the authority of Kansas law. The Kansas Court of Appeals has explicitly held: "The doctrine [of equitable contribution] is distinct from subrogation and does not depend on privity of contract." *Midwest Mut. Ins. Co. v. Farmers Ins. Co.*, 3 Kan.App.2d 630, 599 P.2d 1021, 1023 (1979).

■ However, as to the computation of each insurer's pro rata share, the district court should have imposed only one-sixth of the burden on Canal.

The Kansas Supreme Court provided clear guidance for this computation in the case of *DeWitt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981). In that case, an exclusion held to be void under the KAIRA was held void only to the extent of the minimum statutory coverage. The court stated that:

> Generally, it is held that exclusions in liability insurance policies are valid and enforceable as to amounts exceeding coverage required in financial responsibility laws. We adhere to this general rule and find the exclusions void only as to the minimum coverage required by statute.

*Id.* 625 P.2d at 483 (citations omitted); *see also Ohio Casualty Ins. Co. v. State Farm Auto. Ins. Co.*, 601 F.Supp. 345, 349 (D.Kan.1984) (applying Kansas law). The district court relied on language from *DeWitt* admonishing insurance companies to clearly set forth the statutory minimum in the policy so that the insured will be fully informed as to the extent of the exclusion from coverage. *DeWitt*, 625 P.2d at 483. However, we find that this admonition is dictum in light of the *DeWitt* court's holding because the omission of the statutory minimum in the exclusion would not lessen the insured's actual statutory coverage under the holding of the court.

The KAIRA provides a statutory minimum coverage for motor carriers of $100,-000. Under *DeWitt*, this amount also defines the maximum sum for which the occupant exclusion in Canal's policy is voided by the statutory requirements. Canal is thus liable for one-sixth of the Munkres' settlement, which the district court shall compute on remand.

The Memorandum and Order of the district court, published at 706 F.Supp. 761 (D.Kan.1989), as modified by Memorandum and Order filed July 26, 1989, is AFFIRMED in part and REMANDED in part, consistent with this opinion.