THE FIRESTONE TIRE & RUBBER CO., APPELLEE, *v.* THE STATE
FARM MUTUAL AUTOMOBILE INS. CO., APPELLANT.

(No. 5357—Decided July 24, 1963.)

*Messrs. Buckingham, Doolittle & Burroughs,* for appellee.
*Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolf,* for
appellant.

STEVENS, J.   On February 17, 1956, plaintiff filed its action
against defendant in the Common Pleas Court of Summit

County, wherein it sought recovery of $11,504.98, with interest from June 8, 1955.

In its petition plaintiff alleged:

That it was an insured of the defendant under a policy of public liability automobile insurance, issued by defendant prior to October 13, 1953, to Elmo Dunn, upon a 1950 Ford automobile owned by Dunn.

That on the morning of October 13, 1953, Dunn drove his automobile into plaintiff's San Jose, California, Firestone Store to have its brakes adjusted.

That after the adjustment had been completed, one of Firestone's employees, Kenneth S. Emmert, took the car out for a road test, Emmert driving, with the permission of Dunn, and Dunn accompanying him in the car.

That during the road test, a collision occurred, in which Gervase P. Sullivan and his wife, Faye Sullivan, sustained personal injuries, and Dunn's automobile was damaged.

In actions later brought by the Sullivans against The Firestone Tire & Rubber Company, Elmo Dunn, and Kenneth S. Emmert, judgments against The Firestone Tire & Rubber Company of $8,000 for Faye Sullivan, and $2,256.06 for Gervase P. Sullivan, were recovered, and later paid by Firestone. Elmo Dunn was dismissed from the action prior to trial.

It was further alleged:

That plaintiff repeatedly made demand upon defendant insurance company to defend said actions upon its behalf, and to pay any judgments rendered therein within the applicable limits of its liability policy, which demands were refused by defendant, and defendant failed and neglected to defend said actions on behalf of plaintiff.

That plaintiff was forced thereby to make its own investigation, and to defend said actions.

That plaintiff paid, as expenses of investigation and reasonable cost of defending said litigation, the sum of $1,248.92.

That thereafter plaintiff again demanded reimbursement of the above amounts under the terms of said liability insurance policy, which demand was again refused.

Service was made upon defendant by serving Clarence John Albrecht, licensed agent of defendant.

Defendant moved to quash the service of summons upon

it, and, that motion being overruled, filed its answer, wherein it alleged:

(1) That the court was without jurisdiction of its person or of the subject matter of the action.

(2) That Firestone was among the group of persons excluded from the coverage of Dunn's policy because it was operating an automobile repair shop.

(3) That, by Section 402 of the California Motor Vehicle Code, as between the parties, the plaintiff, Firestone, was primarily liable, and the defendant secondarily liable, for the damages sustained by the Sullivans; and that, in any event, defendant's liability was limited to $5,000 for damages sustained by any one individual under and by virtue of the California Code.

Trial to the court, which proceeded upon a stipulation of facts and certain depositions, resulted in a judgment for plaintiff in the amount of $8,504.98. From that judgment, defendant has appealed on questions of law.

Appellant presents the following assignments of error:

1. The court erred in rendering a judgment against defendant State Farm, which included amounts expended by plaintiff, Firestone, in payment of the judgments recovered against it by Faye and Gervase P. Sullivan.

2. The court erred in rendering a judgment including the amount expended by plaintiff, Firestone, in the investigation and defense of the actions commenced against it by Faye and Gervase P. Sullivan, its employee, Emmert, and Dunn, State Farm's insured.

3. The court erred in retaining jurisdiction over the person of the defendant, and the subject matter of this action.

The first question to be considered is that posed by assignment of error No. 3, for if that question is resolved in favor of the appellant insurance company, then we need go no further in our consideration of this case.

Section 3927.03, Revised Code, provides:

"Any foreign insurance company desiring to transact business by an agent in this state shall file with the superintendent of insurance a signed and sealed written instrument that will:

"(A) Authorize any of its agents in this state to acknowledge service of process for the company;

"(B) Consent that service of process, mesne or final, upon

any agent shall be as valid as if served upon the company according to the laws of this or any other state or country, and waive all claim of error by reason of such acknowledgment of service.

"(C) * * *

"(D) * * *

"In all cases of service of process under this section, the sheriff's return must show the time and manner of such service."

It is stipulated that the defendant insurance company is a foreign insurance company other than life, and it follows as a matter of law that the defendant company has filed with the superintendent of insurance of Ohio the written instrument containing the provisions set out in paragraphs (A) and (B), *supra*.

The sheriff's return of service shows service upon Clarence John Albrecht, managing agent of defendant company, and the time of that service. Hence, the court properly acquired jurisdiction over the person of the defendant. See also: Section 2307.38, Revised Code.

On the subject of jurisdiction of the subject matter of the action, which is transitory in nature, the second paragraph of the syllabus in the case of *Perkins* v. *Benguet Consolidated Mining Co.*, 158 Ohio St., 145, is completely dispositive of that question:

"2. Where jurisdiction is not limited by statute to causes of action arising within this state, an action on a transitory cause may be maintained in the courts of this state by a nonresident against a foreign corporation doing business here, although the cause did not arise here or relate to the corporation's business transacted here."

See also: *Hartford Life Ins. Co.* v. *Douds*, 103 Ohio St., 398, at p. 429.

The trial court properly decided that it possessed jurisdiction over the subject matter of the action.

Paragraph 11 of the stipulations filed herein provides:

"11. The rights of the parties in the construction of the policy of insurance marked 'Exhibit A' are governed by the laws of the state of California and the court may take judicial notice of applicable statutes and case law of the state of California."

The rights and obligations existing between plaintiff and defendant arise by virtue of the contract of insurance issued by defendant to Dunn; and since the collision took place in California, and the contract of insurance was there issued, the parties concede that California law controls.

It is asserted by appellant that Firestone is clearly excluded from a right to recover by the provisions of Section III(a) of the policy of insurance. That provision is as follows:

"III. Definition of Insured. * * * The insurance with respect to any person or organization other than the named insured does not apply:

"(a) To any person or organization, or to any agent or employee thereof, operating an automobile repair shop, * * * with respect to any accident arising out of the operation thereof * * *.'"

Concededly, plaintiff was operating an automobile repair shop, and the accident in question arose out of the operation thereof.

California, at the time of the occurrence here under consideration, had in full force and effect its financial responsibility act; Section 415 of which, in part, provided:

"Sec. 415.  Requisites of Motor Vehicle Liability Policy.

"(a) (Definition: Requirements.)  A 'motor vehicle liability policy,' as used in this code means a policy of liability insurance issued by an insurance carrier authorized to transact such business in this state to or for the benefit of the person named therein as assured, which policy shall meet the following requirements:

"(1) * * *

"(2) (Persons insured.)  Such policy shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or motor vehicles with the express or implied permission of said assured.

"(3) (Losses insured against: Extent and amount.)  Such policy shall insure every said person on account of the maintenance, use or operation of every motor vehicle therein covered within the continental limits of the United States against loss from the liability imposed by law arising from such maintenance, use or operation to the extent and aggregate amount, exclusive of interest and costs, with respect to each such motor

vehicle, or five thousand dollars ($5,000) for bodily injury to or death of each person as a result of any one accident, and, subject to said limit as to one person, the amount of ten thousand Dollars ($10,000) for bodily injury to or death of all persons as a result of any one accident and the amount of one thousand dollars ($1,000) for damage to property of others as a result of any one accident. * * *''

Sec. 402 of the Vehicle Code provided:

''(a) Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.''

The question presented is as to the validity of the exclusionary proviso contained in provision III(a) of the liability policy of defendant-appellant, issued to Dunn, when considered in the light of the California Motor Vehicle Code, and the decisional law of the state of California.

It is our conclusion that the question posed has been answered in the following cases:

In *Wildman* v. *Government Employees' Ins. Co.*, 48 Cal. (2d), 31, at page 39, 307 P. (2d), 359, at page 364, appear these statements:

''* * * We are of the opinion that for an insurer to issue a policy of insurance which does not cover an accident which occurs when a person, other than the insured, is driving with the permission and consent of the insured is a violation of the public policy of this state as set forth in sections 402 and 415 of the Vehicle Code.''

Also:

''Inasmuch as sections 402 and 415 of the Vehicle Code set forth the public policy of this state such laws must be considered a part of every policy of liability insurance even though the policy itself does not specifically make such laws a part thereof.''

See also: *American Automobile Ins. Co.* v. *Republic Indemnity Co. of America*, 334 P. (2d), 266; *American Automobile Ins. Co.* v. *Republic Indemnity Co. of America*, 341 P. (2d), 675;

*Interinsurance Exchange of Automobile Club of Southern California v. Ohio Casualty Ins. Co.,* 373 P. (2d), 640, 23 Cal. Repr., 592.

It may be here observed that condition 6 of the liability policy issued to Dunn by the defendant company does contain a provision making Secs. 402 and 415 of the Motor Vehicle Code of California a part of that policy.

Appellant argues that Firestone, appellee, does not come within the purview of the above cases because "Firestone was not injured in property through the negligent operation of a motor vehicle." If by that statement is meant that Firestone sustained no injury to its motor vehicle, the assertion is accurate. However, when it (Firestone) paid to the injured parties the judgments procured against it by those parties, Firestone was certainly injured in its property.

We hold that under the evidence in this case Firestone was an "insured" under the policy of defendant, entitled to recover the amounts paid by it to the Sullivans, within the limits fixed by the motor vehicle act, and also the sums spent by it in defending the actions against it.

The judgment of the trial court was in all respects correct, and that judgment will be affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and DOYLE, J., concur.