[Civ. No. 52491. Second Dist., Div. Four. Aug. 24, 1978.]

DARYL TILLEY, Plaintiff and Appellant, v.
TRUCK INSURANCE EXCHANGE, Defendant and Respondent.

**COUNSEL**

Weissburg & Aronson and Jay N. Hartz for Plaintiff and Appellant.

Hagenbaugh & Murphy and Larry Klein for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—Plaintiff appeals from a summary judgment in favor of defendant; we affirm the judgment.

The facts are not in dispute. Plaintiff was injured in an automobile accident involving his car and a vehicle driven by William Sadler. Sadler was a customer of Antelope Auto Body, a copartnership engaged in the repair of automotive vehicles. He was driving a "loaner" furnished to him by Antelope. Plaintiff brought suit against Sadler and Antelope, resulting in a settlement giving plaintiff judgment against Sadler for $75,000; Antelope was dismissed. Sadler's insurance carrier has paid $25,000 of that judgment, being the policy limits of Sadler's policy. Antelope has a policy of insurance with defendant and plaintiff, as assignee of Sadler, contends that defendant is liable for the remaining $50,000 of the judgment.

■ It is conceded that, since Sadler was a permissive user of Antelope's vehicle, defendant is liable under the general coverage provisions of its policy, unless it may rely on an indorsement of its policy relating to "garage customers."[1] It is also conceded that the indorsement is lawful under subdivision (d) of section 11580.1 of the Insurance Code, that Sadler was a "garage customer" within the meaning of that indorsement, and that, if applicable, that indorsement bars recovery by plaintiff.

---

[1] The indorsement in question reads as follows:

"It is agreed that garage customers are not insureds with respect to any automobile except in accordance with the following additional provisions:

"1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy.

"2. If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are insufficient to pay damages up to the amount of the applicable financial responsibility limit, then this insurance shall apply to the excess of damages up to such limit.

"3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit.

"4. As used in this endorsement: 'applicable financial responsibility limit' refers to the applicable limit of the financial responsibility law of the state where the automobile is principally garaged. 'garage customer' means any person other than:

"(1) an employee, director, stockholder, partner or member of the named insured or a resident of the same household as the named insured, such employee, director, stockholder, partner or member;

"(2) a person or organization to whom the named insured furnishes an owned

The contention made by plaintiff on this appeal is that the indorsement in question was not applicable unless defendant had given Antelope (its insured) notice of the indorsement and that the declarations filed by defendant do not show the giving of the required notice.

The issues raised by plaintiff on this appeal are three: (1) Was defendant required to give notice to Antelope of the indorsement with an accompanying explanation of its effect; (2) If so, was defendant required, in support of its motion for summary judgment, to affirmatively show the giving of such notice or was plaintiff required to file declarations showing that notice had not been given?; and (3) If so, did the declarations filed by defendant meet such a requirement?

On the record before us, we do not reach the above issues in the form that plaintiff presents them. Plaintiff has sued on the policy which, defendant's declarations show, was "in force" at all relevant times. Plaintiff contends that the policy is ambiguous because the garage indorsement conflicts with another indorsement to the same policy. That contention is without merit. The two indorsements deal with separate problems. Whether there was such a conflict as to create an ambiguity is, on this record, a matter of law which the trial court resolved against plaintiff. Our own reading of the two indorsements agrees with that of the trial court. Hence, that contention raised no triable issue of fact.

Absent a pleading and declaration showing extrinsic facts that could create an ambiguity, the trial court and this court are bound by the clear provisions of the garage indorsement. Admittedly, that indorsement bars plaintiff from any recovery against this defendant.

The judgment is affirmed.

Files, P. J., and Jefferson (Bernard), J., concurred.

---

automobile for his or its regular use including any person while using such automobile; but an automobile furnished for the use of a person or organization whose automobile is temporarily in the custody of the named insured for servicing or repair shall not be considered as being furnished for his regular use."