No. 51,980

EDNA DeWITT, *Plaintiff*, v. RAYMOND M. YOUNG d/b/a RAY'S MOTOR SERVICE, *Third-Party Plaintiff and Defendant-Appellee*, v. TRACY D. RIDGEWAY, *Defendant*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Third-Party Defendant-Appellant*.

(625 P.2d 478)

Opinion filed March 25, 1981.

*J. H. Eschmann,* of Ascough, Bausch, Eschmann, of Topeka, argued the cause and *John A. Bausch,* of the same firm, was with him on the brief for the appellee.

*John R. Martin,* of Ralston & Frieden, of Topeka, argued the cause and was on the brief for the appellant.

*Wayne T. Stratton* and *Charles R. Hay,* both of the firm of Goodell, Stratton, Edmonds, Palmer & Wright, of Topeka, were on the brief for *amicus curiae* Farm Bureau Insurance.

The opinion of the court was delivered by

HERD, J.: This is an action for damages arising out of an automobile accident. State Farm Mutual Automobile Insurance Company, third-party defendant, appeals from the trial court's holding that household and garage shop exclusion clauses in a standard automobile liability insurance policy are contrary to public policy and void under the Kansas Automobile Injury Reparations Act. K.S.A. 1980 Supp. 40-3101 *et seq.*

On February 7, 1978, an automobile accident occurred at the corner of 8th and Mulvane in Topeka. The plaintiff was a passenger in her own car at the time of the accident. Her vehicle was driven by Raymond M. Young, who operated Ray's Motor Service. Young was delivering Mrs. DeWitt's car to her at her residence after completing some repairs on it. Mrs. DeWitt then got into the car as a passenger and they were returning Young to his shop when they were involved in the collision with a car driven by Tracy D. Ridgeway. Plaintiff sustained personal injuries as a result of the accident. Her car was insured by State Farm.

DeWitt sued both Ridgeway and Young alleging negligence on the part of both drivers was the proximate cause of the accident. She claimed damages in the total amount of $99,999.10. Ridgeway filed a counterclaim against DeWitt and a claim against Young. Neither of those claims are a part of this appeal. Young filed a third-party petition against State Farm alleging he had liability coverage under DeWitt's policy and was entitled to indemnification by State Farm should DeWitt obtain a judgment against him. He also requested reasonable attorney fees.

State Farm denied Young had liability coverage under DeWitt's policy. The company acknowledged the term "insured" included the named insured as well as one who drives with the permission of the named insured. Young was undeniably driving with the permission of DeWitt. The policy, however, specifically excluded coverage for "bodily injury to any insured." DeWitt sought to recover damages for bodily injury for herself, and State Farm claimed the policy afforded no coverage for such liability and also provided no coverage for the claim against Young. State Farm also denied coverage, stating the use of the car by Young who was engaged in the automobile repair business fell within the garage shop exclusion in DeWitt's insurance policy, which excluded coverage "to the owned motor vehicle while used by any person while such person is employed or otherwise engaged in an automobile business  .  .  .  ." State Farm also counterclaimed against Young, alleging Young's negligence damaged State Farm in the amount of $1,425.50.

Young responded to State Farm's counterclaim, alleging State Farm could not subrogate against Young because he was insured under DeWitt's policy. Young moved for a summary judgment against State Farm on the theory the two exclusions relied on by

State Farm are void as against public policy under the K.A.I.R.A. (K.S.A. 1980 Supp. 40-3101 *et seq.*), leaving no genuine issue of fact for disposition. State Farm responded with a motion for summary judgment, alleging the exclusions were applicable and Young had no claim against State Farm.

On December 4, 1979, the trial court sustained Young's motion for summary judgment, holding both the household and garage shop exclusions void and unenforceable as contrary to the K.A.I.R.A. because the exclusions denied coverage required by K.S.A. 1980 Supp. 40-3107. This appeal followed.

The issues on appeal are whether the trial court erred in holding the so-called household and garage shop exclusions void and unenforceable in an action by a named insured to recover damages from a permissive user of the automobile of the named insured for injuries suffered while the named insured rode as a passenger therein.

The applicable sections of the insurance policy are:

"SECTION 1 - LIABILITY AND MEDICAL PAYMENTS INSURING AGREEMENTS
COVERAGE A - BODILY INJURY LIABILITY
COVERAGE B - PROPERTY DAMAGE LIABILITY
To pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of

(A) *bodily injury* sustained by other *persons,* and

(B) *property damage,*

caused by accident arising out of the ownership, maintenance or use, including loading or unloading, of the *owned motor vehicle;* and to defend, with attorneys selected by and compensated by the company, any suit against the *insured* alleging such *bodily injury* or *property damage* and seeking *damages* which are payable hereunder even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient.

. . . .
"EXCLUSIONS - SECTION 1
THIS INSURANCE DOES NOT APPLY UNDER:

. . . .
(h) COVERAGE A. *TO BODILY INJURY* TO ANY *INSURED* OR ANY MEMBER OF THE FAMILY OF AN *INSURED RESIDING* IN THE SAME HOUSEHOLD AS THE *INSURED.*" (Emphasis in original.)

The policy provides that the term "insured" includes:

"(1) the named insured, and
(2) if the named insured is a *person* or *persons,* also includes his or their spouse(s), if a *resident* of the same household, and

(3) if *residents* of the same household, the relatives of the first *person* named in the declarations, or of his spouse, and

(4) any other *person* while using the *owned motor vehicle*, PROVIDED THE OPERATION AND THE ACTUAL USE OF SUCH VEHICLE ARE WITH THE PERMISSION OF THE NAMED INSURED OR SUCH SPOUSE AND ARE WITHIN THE SCOPE OF SUCH PERMISSION, and

(5) under coverages A and B any other *person* or organization, but only with respect to his or its liability for the use of such *owned motor vehicle* by an *insured* as defined in the four subsections above." (Emphasis in original.)

The garage shop exclusion excludes coverage for bodily injury and property damage as to the owned motor vehicle "while used by any person while such person is employed or otherwise engaged in an automobile business of the insured or of any other person or organization . . . ."

The Kansas Motor Vehicle Safety Responsibility Act, K.S.A. 8-722 *et seq.* (Corrick), predecessor to K.A.I.R.A., was enacted in 1957. Its purpose was "to provide protection for the members of the public in their use of the highways within the state, and to require security from drivers as well as owners of motor vehicles coming within the purview of the act." *Canal Insurance Co. v. Sinclair,* 208 Kan. 753, Syl. ¶ 5, 494 P.2d 1197 (1972).

In 1973, the Kansas Motor Vehicle Safety Responsibility Act was repealed and the K.A.I.R.A. (K.S.A. 1980 Supp. 40-3101 *et seq.*) was enacted effective February 22, 1974. The K.A.I.R.A. mandates motor vehicle liability coverage unless a vehicle is statutorily exempt or unless a motor vehicle is included within an approved self-insurance plan. K.S.A. 1980 Supp. 40-3104.

K.S.A. 1980 Supp. 40-3107 provides the insurance coverage which must be included within every motor vehicle liability insurance policy issued to a resident motor vehicle owner. K.S.A. 1980 Supp. 40-3107 states:

"Every policy of motor vehicle liability insurance issued by an insurer to an owner residing in this state shall:

. . . .

"(b) *insure the person named therein and any other person, as insured, using any such vehicle with the expressed or implied consent of such named insured, against loss from the liability imposed by law* for damages arising out of the ownership, maintenance or use of any such vehicle within the United States of America or the Dominion of Canada, subject to the limits stated in such policy." (Emphasis supplied.)

We also note the provisions of K.S.A. 40-3107(*g*) which obligate an insurer to meet all mandatory requirements and obligations of

the K.A.I.R.A. Clearly, the legislature intended that motor vehicle liability policies include the broad coverage required under section (b). K.S.A. 1980 Supp. 40-3108, providing for personal injury benefits, contains specific exclusions from receiving PIP benefits, but none of the exclusions reduces coverage pertaining to motor vehicle liability insurance. The legislative purpose mandating motor vehicle liability insurance for every motor vehicle driven on Kansas public highways is again expressed in K.S.A. 1980 Supp. 40-3118(a), and also in K.S.A. 40-284 which requires uninsured motorist coverage to protect an insured who is injured by an uninsured owner or operator of a vehicle.

We have held clauses within a policy which attempt to dilute, condition or limit statutorily mandated coverage are invalid or void. See *Hillhouse v. Farmers Ins. Co.,* 226 Kan. 68, 595 P.2d 1102 (1979); *Simpson v. Farmers Ins. Co.,* 225 Kan. 508, 592 P.2d 445 (1979); *Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 549 P.2d 1354 (1976); *Forrester v. State Farm Mutual Automobile Ins. Co.,* 213 Kan. 442, 517 P.2d 173 (1973); *Clayton v. Alliance Mutual Casualty Co.,* 212 Kan. 640, 512 P.2d 507, *rehearing denied* 213 Kan. 84, 515 P.2d 1115 (1973). In addition, Kansas courts have held liability insurance policies are to be given broad interpretation to afford the greatest possible protection of the insured, and exclusionary clauses are to be strictly construed against the insurer in favor of the insured. *Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Assn.,* 215 Kan. 937, 947-48, 529 P.2d 171 (1974); *United States Fidelity & Guar. Co. v. Farm Bureau Mut. Ins. Co.,* 2 Kan. App. 2d 580, Syl. ¶ 1, 584 P.2d 1264 (1978). Public policy requires liberal construction of the omnibus clause of a liability insurance policy. *United States Fidelity & Guaranty Co. v. Continental Ins. Co.,* 1 Kan. App. 2d 722, Syl. ¶ 2, 573 P.2d 1106 (1977).

We are cited to cases from other jurisdictions where, in the absence of a statutory prohibition to the contrary, provisions of automobile liability insurance policies excluding the insured and his household from coverage for bodily injury under the policy are upheld to protect the insurer against claims for injuries to persons who fall within the class. See generally Annot., 46 A.L.R.3d 1024.

The household exclusion was upheld in *Gibson v. State Farm Mut. Auto. Ins. Co.,* 378 So. 2d 875 (Fla. Dist. Ct. App. 1979) and

in *Shaw v. State Farm &c. Insurance Co.,* 107 Ga. App. 8, 129 S.E.2d 85 (1962). The courts of those states were not, however, called upon to construe the household exclusion in light of mandatory motor vehicle liability insurance or financial responsibility laws.

Our attention is also directed to two Arizona cases in which a household exclusion was upheld. In *New York Underwriters Insurance Company v. Superior Court,* 104 Ariz. 544, 456 P.2d 914 (1969), the court held the financial responsibility statutes did not preclude an insured from contracting to exclude his own recovery for personal injuries, in the absence of specific statutory prohibition of such exclusions. See also *State Farm Mutual Ins. Co. v. Cartmel,* 250 Ark. 77, 79, 463 S.W.2d 648 (1971). In *Schwab v. State Farm Fire & Cas. Co.,* 27 Ariz. App. 747, 749, 558 P.2d 942 (1976), it was held the purpose of the financial responsibility act was to protect the public, and that purpose was not defeated where a named insured was excluded as long as the exclusion did not defeat recovery of a third party. Both of these cases are distinguishable because an Arizona statute (Ariz. Rev. Stat. § 28-1170) provided a named insured and any other insured may exclude from coverage a person designated by name. Pursuant to this statute, the Arizona courts reasoned a named insured could exclude himself from coverage when riding as a passenger in his own vehicle. Other jurisdictions with insurance statutes similar to our own have held the household exclusion void as against public policy. The holdings in these jurisdictions reflect strict statutory construction mandating liability insurance coverage. Where the statutes did not specifically provide for such exclusions, none were allowed. *State Farm v. Sivey,* 404 Mich. 51, 272 N.W.2d 555 (1978); *Estate of Neal v. Farmers Ins. Exch.,* 93 Nev. 348, 566 P.2d 81 (1977); *Hughes v. State Farm Mut. Auto. Ins. Co.,* 236 N.W.2d 870 (N.D. 1975); *Jordan v. Aetna Casualty Surety Co.,* 264 S.C. 294, 214 S.E.2d 818 (1975).

The garage shop exclusion must also fall because it contravenes statutory requirements. Where an exclusion is contrary to insurance statutes requiring coverage for all permissive drivers, that exclusion is void and unenforceable. See *Firestone Co. v. Ins. Co.,* 119 Ohio App. 116, 197 N.E.2d 379 (1963); *Universal Under. Ins. Co. v. Dairyland Mut. Ins. Co.,* 102 Ariz. 518, 520, 433 P.2d 966 (1967).

Finally, we must determine whether the exclusions are void as to the minimum coverage required by statute or whether they extend beyond the statutory minimum and limit any excess coverage provided by the policy. The minimum coverage required to be contained in each motor vehicle liability insurance policy is provided in K.S.A. 1980 Supp. 40-3107(e). The Act also allows motor vehicle liability insurance policies to contain coverage exceeding that required under the Act. K.S.A. 1980 Supp. 40-3120.

Generally, it is held that exclusions in liability insurance policies are valid and enforceable as to amounts exceeding coverage required in financial responsibility laws. See Annot., 29 A.L.R.2d 817, and cases cited therein. See also *Estate of Neal v. Farmers Ins. Exch.*, 93 Nev. at 352; *Arceneaux v. State Farm Mutual Automobile Ins. Co.*, 113 Ariz. 216, Syl. ¶ 2, 550 P.2d 87 (1976); *State Farm v. Shelly*, 394 Mich. 448, 231 N.W.2d 641 (1975); 7 Am. Jur. 2d, Automobile Insurance § 30, p. 482. We adhere to this general rule and find the exclusions void only as to the minimum coverage required by statute. The K.A.I.R.A. does not preclude application of the household and garage shop exclusions or any other exclusion to motor vehicle liability insurance coverage in excess of statutorily required limits. We do, however, caution that the limited application of such exclusions should be clearly and specifically set forth in the policy. See *Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Assn.*, 215 Kan. 937, Syl. ¶ 8; *Graves v. Traders & General Insurance Company*, 252 La. 709, 214 So.2d 116 (1968).

The judgment of the trial court is affirmed as modified.