OHIO CASUALTY INSURANCE
COMPANY, Plaintiff,

v.

STATE FARM AUTOMOBILE
INSURANCE COMPANY,
Defendant.

Civ.A. No. 84–1076.

United States District Court,
D. Kansas.

Nov. 27, 1984.

Craig Kennedy, Wichita, Kan., for plaintiff.

Darrell L. Warta, Foulston, Siefkin, Powers & Eberhardt, Stephen M. Kerwick, Wichita, Kan., for defendant.

## OPINION AND ORDER

THEIS, District Judge.

This is an action brought pursuant to 28 U.S.C. § 2201 for a declaration of the rights and obligations of the parties under separate insurance policies. Plaintiff, Ohio Casualty Insurance Company, and defendant, State Farm Mutual Automobile Insurance Company, have jointly moved the Court to decide the present case based upon stipulated facts. For the purposes of the parties' joint motion for judgment on stipulated facts, the parties agree to the following facts:

First, Ohio Casualty is incorporated under the laws of the State of Ohio and is

authorized to engage in the insurance business in the State of Kansas. State Farm is incorporated under the laws of the State of Illinois and is authorized to engage in the insurance business in the State of Kansas. The subject matter of this controversy exceeds the sum of $10,000.00. Because of the diversity of citizenship and the amount in controversy, this Court has jurisdiction over the parties and the subject matter of the litigation. Venue is properly laid in the District of Kansas.

Second, on or about August 21, 1981, Gayla Gill took her automobile to McDonald Motors, Inc., to have repair work done. McDonald Motors is an automobile dealership dealing in new and used automobiles and has a service shop for automobile repairs. While her car was at McDonald Motors, McDonald Motors allowed Gill to use and operate a 1976 Chevrolet Vega automobile that was owned by McDonald Motors.

Third, on August 28, 1981, Gill, while driving the 1976 Chevrolet Vega, was involved in an automobile accident in Wichita, Kansas. As a result of that accident, a lawsuit was filed in Sedgwick County district court by Emily Gamer against Gill, seeking recovery of damages for personal injuries which Gamer claims were caused by the automobile accident and Gill's negligence.

Fourth, plaintiff, Ohio Casualty, had in effect on August 28, 1981, a garage policy of liability insurance issued to McDonald Motors. The 1976 Chevrolet Vega was listed as a covered automobile under Ohio Casualty's policy, and there was no other policy of automobile insurance issued on that car.

Fifth, defendant, State Farm, had in effect on August 28, 1981, a policy of motor vehicle liability insurance issued to Gerald Gill, the father of Gayla Gill. Gayla Gill was an insured as defined in the insurance policy issued by State Farm to Gerald Gill, since Gayla was an unmarried and unemancipated child away at school.

Each of the insurance companies has demanded that the other insurance company assume the defense of Gayla Gill and pay any damages which Emily Gamer might recover against Gayla Gill arising out of the automobile accident on August 28, 1981. Each party's policy provides that the other's should cover the underlying accident and that its own provisions exclude such coverage. The Court finds the relevant provisions are as follows:

The State Farm policy contains the following general provisions on coverage for vehicles:

*Coverage for the Use of Other Cars*

The liability coverage extends to the use, by an insured, of a newly-acquired car, a temporary substitute or a non-owned car.

Dk. no. 7, Exhibit B at 5.

*Temporary Substitute Car* means a car not owned by you or your spouse, if it replaces your car for a short time. Its use has to be with the consent of the owner. Your car has to be out of use due to its breakdown, repair, servicing, damage or loss. A temporary substitute car is not considered a non-owned car.

Dk. no. 7, Exhibit B at 2.

These general provisions are limited by the following exclusion:

*IF THERE IS OTHER LIABILITY COVERAGE*

.     .     .     .     .

3. Temporary Substitute Car, Non-Owned Car, Trailer.

If a temporary substitute car, a non-owned car or a trailer designed for use with a private passenger car has other vehicle liability coverages on it, then this coverage is excess. THIS COVERAGE SHALL NOT APPLY:

a. IF THE VEHICLE IS OWNED BY ANY PERSON OR ORGANIZATION IN A CAR BUSINESS: AND

b. IF THE INSURED OR THE OWNER HAS OTHER PRIMARY, EXCESS OR CONTINGENT LIABILITY COVERAGE APPLICABLE IN WHOLE OR IN PART.

Dk. no. 7, Exhibit B at 6.

*Car Business* means a business or job where the purpose is to sell, lease, repair,

service, transport, store or park land motor vehicles or trailers.

Dk. no. 7, Exhibit B at 2.

The policy issued by plaintiff Ohio Casualty provides as follows:

PART IV—LIABILITY INSURANCE

A. *We Will Pay*

1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies caused by an accident and resulting from garage operations.

.      .      .      .      .

"Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. Garage operations includes the ownership, maintenance or use of the autos indicated in PART II as covered autos. Garage operations also includes all operations necessary or incidental to a garage business. "Insured" means any person or organization qualifying as an insured in the WHO IS INSURED section of the applicable insurance.

Dk. no. 7, Exhibit A at 1.

The provisions that plaintiff relies on to eliminate its coverage state:

D. *Who Is An Insured*

1. For Covered Autos

.      .      .      .      .

b. Anyone else is an insured while using with your permission a covered auto except:

.      .      .      .      .

(3) Your Customers, if your business is shown in ITEM ONE of the declarations as an auto dealership. However, if a customer of yours:

(a) Has no other available insurance (whether primary, excess or contingent), he or she is an insured but only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged.

(b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered auto is principally garaged, he or she is insured only for the amount by which the compulsory or financial responsibility law limits exceed the limits of his or her other insurance.

Dk. no. 7, Exhibit A at 2.

This Court must determine which of the policies' limitations is valid and enforceable and which of the insurance companies has a duty to defend Gayla Gill. In other words, the question is whether the vehicle's policy or the driver's policy covers the underlying accident. State Farm notes that its policy provides that there is no coverage for an insured when operating a temporary substitute car that was owned by an organization in a car business if the owner had other primary, excess or contingent liability coverage applicable in whole or in part. Ohio Casualty states that its policy does not extend coverage to customers of the insured's business unless they lack insurance of their own. The dilemma appears to be the classic situation, "After you, Alphonse; no you, Gaston."

State Farm claims that if Ohio Casualty's exclusion were allowed to operate, it would fall short of the statutory requirement of coverage for permissive users of vehicles, established in the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. §§ 40–3104(a) and 40–3107(b). Defendant further argues that its exclusion of coverage for temporary substitute cars owned by an organization in a car business is valid because the KAIRA does not mandate such coverage. Ohio Casualty suggests that case law from other jurisdictions indicates that the liability insurance covering the driver should be primary and further argues that its exclusion is justified by virtue of section 40–3107(h)(2) of the KAIRA.

This opinion first examines whether section 40–3107(h)(2) allows Ohio Casualty to exclude liability coverage to customers of the insured's business. Section 40–3107(h)(2) allows insurers to exclude cover-

age while an insured vehicle is "being repaired, serviced or used by any person employed or engaged in any way in the automobile business." Ohio Casualty concludes that this exclusion covers the instant situation and claims that since there is a specific statutory exclusion for its policy, State Farm is automatically the primary carrier.

The section in question, however, was enacted by the Kansas legislature during its 1981 session and took effect on January 1, 1982. 1981 Kan.Sess.Laws 836, 840. Thus, the provision relied upon by Ohio Casualty to justify its exclusion was not in force when the plaintiff's policy was issued, nor was it in force on August 28, 1981, the date of the underlying accident.

■ In Kansas, the general rule of statutory construction is that a statute will operate prospectively only unless the legislature clearly expresses the intent that it operate retrospectively. *Chamberlain v. Schmutz Manufacturing Co.*, 532 F.Supp. 588, 589 (D.Kan.1982). No language in section 40–3107(h)(2) indicates a legislative intent that the statute operate retroactively. It is particularly important to apply the above rule of statutory construction when a new statute may alter the substantive rights of the parties. *Nitchals v. Williams*, 225 Kan. 285, 290, 590 P.2d 582 (1979). Ohio Casualty's position is that the statute changes the rights of the parties.

■ The Court does not need to reach the issue of whether the language of section 40–3107(h)(2) encompasses the present situation, although defendant strongly contends that it does not. Since the statute relied upon by Ohio Casualty was not in effect until four months after the accident, the section provides no haven for plaintiff's exclusion. The predecessor to the present section 40–3107 did not authorize such exclusions. 1974 Kan.Sess.Laws 640. Before analyzing how the law in effect at the time of the accident affects the present case, the Court first turns to Ohio Casualty's contention that cases from other jurisdictions compel a holding that the driver's policy applies.

Ohio Casualty's argument is that since the provision in section 40–3107(h)(2) applies, the exclusion in its insurance policy is valid and must be interpreted by general principles of insurance contract construction, citing *Tilley v. Truck Insurance Exchange*, 148 Cal.Rptr. 520, 84 Cal.App.3d 263 (1978), and *Dairyland Insurance Co. v. Implement Dealers Insurance Co.*, 294 Minn. 236, 199 N.W.2d 806 (1972). Not only did this Court just hold that section 40–3107(h)(2) is not applicable in the present case, but in addition the cases cited by plaintiff are inapposite. In both *Tilley* and *Dairyland* the courts were involved in the internal construction of single insurance policies according to principles of insurance contract construction. Neither case involved a state statute. The cases cited have no relevance to the interpretation of the Kansas Automobile Injury Reparations Act.

State Farm contends that Ohio Casualty's exclusion of permissive users of the insured vehicle who are customers of the named insured is void as an attempt to dilute statutorily mandated coverage. Section 40–3104(a) of the KAIRA requires owners to maintain motor vehicle liability insurance coverage for every motor vehicle owned by such person. The provisions regarding the persons required to be covered and the circumstances under which they must be covered are stated in K.S.A. § 40–3107(b):

> *Every policy* of motor vehicle liability insurance *issued by an insurer to an owner* residing in this state shall:
>
> .      .      .      .      .
>
> (b) *insure* the person named therein and *any other person*, as insured, *using any such vehicle with the expressed or implied consent of such named insured,* against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of any such vehicle within the United States of American or the Dominion of Canada, subject to the limits stated in such policy; . . .

K.S.A. § 40–3107(b) (emphasis added).

■ Plaintiff's policy, which conditions coverage for permissive users on whether

the permissive user is a customer, falls short of the statutory requirement of coverage for permissive users. The above statute allows no exception for customers. Ohio Casualty's policy regarding loaned vehicles, by purporting not to extend coverage to customers of the insured's business unless they lack insurance of their own, is in contravention of the mandate of section 40–3107(b) that insurers must insure permissive users.

In *DeWitt v. Young*, 229 Kan. 474, 478, 625 P.2d 478 (1981), the Kansas Supreme Court held that attempts to dilute, condition or limit the statutorily mandated liability coverages were invalid and specifically disregarded a garage shop exclusion. A number of other cases have also acknowledged that provisions which dilute statutorily required insurance coverage are unenforceable. *See, e.g., Hillhouse v. Farmers Insurance Co.*, 226 Kan. 68, 69, 595 P.2d 1102 (1979); *Simpson v. Farmers Insurance Co.*, 225 Kan. 508, 511–12, 592 P.2d 445 (1979).

Section 40–3107(g) of the KAIRA directs that notwithstanding any inconsistent language in the policy, an insurance policy "shall be construed to obligate the insurer to meet all the mandatory requirements and obligations of this act." Construing Ohio Casualty's policy in light of this statutory provision, the Court finds that the purported exclusion of permissive users must be deemed inoperative.

The next question is whether defendant's exclusion of coverage for temporary substitute cars owned by an organization in a car business is valid under the KAIRA. Unlike Ohio Casualty's policy with McDonald Motors, State Farm's policy was not issued on the vehicle involved in the underlying accident. The State Farm policy covered Gerald Gill as the named insured and his daughter, Gayla Gill, who was operating the vehicle owned by McDonald Motors. Defendant is correct in its assertion that the KAIRA contains no requirement mandating liability coverage for relatives of the named insured when they use a vehicle owned by another person with that other person's permission. State Farm's policy could even specifically exclude all liability coverage for a relative except as a permissive user of the insured vehicle and still meet the statutory requirements of the KAIRA. The Kansas Supreme Court has held that exclusions in excess of statutorily required limits are permissible. *DeWitt*, 229 Kan. at 480, 625 P.2d 478. If insurers extend supplemental coverage, they may make restrictions on that extra coverage. *Simpson v. KFB Insurance Co.*, 209 Kan. 620, 627, 498 P.2d 71 (1972). Therefore, State Farm's restriction on statutorily surplus coverage by excluding coverage for temporary substitute cars does not dilute or limit the insurance coverage mandated by the KAIRA.

Since defendant's exclusion is enforceable, this Court shall construe State Farm's policy as providing that there is no coverage for an insured when operating a temporary substitute car that was owned by an organization in a car business if the owner had other primary, excess or contingent liability coverage. At the time of her accident, Gayla Gill had such coverage under the Ohio Casualty policy with McDonald Motors, since Gill was a permissive user. The Court further finds that Ohio Casualty's attempt to avoid statutorily mandated coverage is unenforceable. Thus, plaintiff's exclusion of permissive users who are customers is ineffective and Gill is covered by Ohio Casualty's policy.

IT IS THEREFORE ORDERED that State Farm has no duty to defend Gayla Gill in any action arising from the above mentioned accident on August 28, 1981, nor does it have a duty to pay any judgment or part thereof that may be entered in that litigation.

IT IS FURTHER ORDERED that Ohio Casualty has the duty to defend Gayla Gill in the above mentioned action between Emily Gamer and Gayla Gill and that Ohio Casualty has a duty under the remaining terms of its policy to pay any judgment or part thereof that may be entered in that litigation.