## CANAL INSURANCE COMPANY, Plaintiff,

v.

## Alvin Eugene MERRITT and Kevin Lee Yates, Defendants.

### No. 84–0787–CV–W–8.

United States District Court,
W.D. Missouri, W.D.

March 8, 1988.

Douglas N. Ghertner, Lee M. Baty, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for plaintiff.

Steven Effertz, Independence, Mo., for defendant Merritt.

John G. O'Connor, Barnett & Ross, Chartered, Kansas City, Kan., for defendant Yates.

## ORDER

STEVENS, District Judge.

On November 20, 1986, this court issued an order holding that, as a matter of Kansas law, certain "employee" exclusion provisions contained within sections (A)(I)(c) and III(i) of plaintiff's insurance policy issued to Stafos Farms, Inc. for the period July 2, 1978 through July 2, 1979 were invalid. *Canal Insurance Co. v. Merritt,* 654 F.Supp. 285 (W.D.Mo.1986). Plaintiff subsequently sought leave to file a two-count amended complaint for declaratory judgment. On January 28, 1987 the court entered an order permitting plaintiff to file its first amended complaint but dismissing Count I of the first amended complaint because that count simply reasserted the same ground for declaratory relief already rejected in the court's November 20, 1986 order. Plaintiff then moved for summary judgment on Count II of its first amended complaint.

The question framed by Count II of plaintiff's first amended complaint, and the issue presently before the court, is whether, in light of the invalidation of the "employee" exclusion provisions, the insurance policy is to be construed as providing $100,000 in coverage (the policy limit of the insurance contract itself) or $15,000 in coverage (the minimum personal liability coverage required by the Kansas Automobile Injury Reparations Act[1] (the Act) at the time the policy was issued). For reasons set forth below, plaintiff's motion for summary judgment is granted.

This declaratory judgment action requires the court to resolve the issue before

---

1. Kan.Stat.Ann. § 40–3107(e) (Supp.1980), 1974 Kan.Sess.Laws 640, 645.

it as it believes the Kansas Supreme Court would resolve the same issue. In *De Witt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981), after striking down the so-called "garage shop" exclusion contained in a policy issued by State Farm Mutual Automobile Insurance Company, the Kansas Supreme Court held that the invalidated exclusions were void only as to the minimum coverage required by statute. The *De Witt* court further held that the Act does not preclude application of exclusions to motor vehicle liability insurance coverage in excess of the statutorily required minimum coverage. *Id.*, 625 P.2d at 483. Indeed, each case cited by Justice Herd on this point in *De Witt* holds that when liability is premised on an automobile financial responsibility law, the extent of liability is governed by the terms of the statute rather than by the terms of the insurance policy.[2]

But for the mandate of the Act, the exclusions contained within sections A(I)(c) and III(i) of plaintiff's insurance policy would be valid and enforceable. Were this a wholly private contractual agreement immune from the dictates of public policy, the insured and insurer would be free to fashion their own contractual agreement. The private agreement reached between the parties in this case denied coverage for circumstances otherwise falling within the ambit of sections A(I)(c) and III(i). Because of the mandate of the Act, however, and this court's consequent invalidation of the "employee" exclusions in the policy in question, plaintiff must by operation of law afford some amount of coverage in those circumstances.

In its discretion, the Kansas legislature had determined, at the time plaintiff issued the instant insurance policy, that mandatory coverage in the amount of $15,000 was sufficient to protect the public as a whole.

Under *De Witt*, if coverage is to be afforded on grounds of public policy as espoused by the legislature in the Act, the limits of that coverage must also be governed by the Act and not by the policy limits of each individual insurance contract.

In *De Witt*, the Kansas Supreme Court, after stating that the Act does not preclude application of exclusions to motor vehicle liability insurance coverage in excess of the statutorily required amount, cautioned that "the limited application of such exclusions should be clearly and specifically set forth in the policy." *Id.*, 625 P.2d at 483. Defendant Yates cites this language in an effort to show that the plaintiff's policy does not conform to *De Witt* and that therefore the exclusion provisions should somehow be held void and unenforceable in their entirety, that is, that the policy must be construed to afford the full $100,000 in coverage. The cautionary language of the *De Witt* opinion, however, was written in March of 1981, over two years after plaintiff issued the policy at bar. In this court's view, *De Witt's* cautionary language was intended to serve as a future admonishment to insurance companies but was not intended and cannot be read to invalidate retroactively otherwise permissible exclusions of coverage. For the foregoing reasons, then, it is

ORDERED that plaintiff's motion for summary judgment on Count II of its first amended complaint for declaratory judgment is granted. The exclusions in Canal Insurance Company Policy No. 3–80–34 which were determined to be invalid in this court's November 20, 1986 order are invalid only as to the minimum mandatory coverage of $15,000 as provided by Kansas law at the time the policy was issued. Those exclusions, however, are valid as to cover-

**2.** *Estate of Neal v. Farmers Ins. Exch.*, 93 Nev. 348, 566 P.2d 81 (1977) (household exclusion clause of automobile liability policy contravened mandate of financial responsibility law only to the extent of the statutory limits set forth therein); *Arceneaux v. State Farm Mutual Auto. Ins. Co.*, 113 Ariz. 216, 550 P.2d 87 (1976) (en banc) (contract of insurance need provide nothing more than the financial responsibility laws require, and thereafter the exclusionary clause is viable); *State Farm Mutual Auto. Ins. Co. v. Shelly*, 394 Mich. 448, 231 N.W.2d 641 (1975) (where exclusionary clause in automobile liability policy was invalid, reinstated coverage limited to minimum requirement of financial responsibility law rather than greater amount set forth in policy).

age exceeding the mandatory minimum of $15,000.