(26 P.3d 73)
No. 85,719

STEVE BROOKS, as Administrator of the Estate of Betty Ann Coffel, and CINDY PARKS, as Heir at Law of Betty Ann Coffel, *Appellant*, v. CHERL BENNETT, *Defendant*, and FARMERS INSURANCE COMPANY, *Garnishee/Appellee*.

Opinion filed June 15, 2001.

*Gerard C. Scott*, of Prochaska & Scott, of Wichita, for appellant.

*Craig Kennedy*, of Johnson, Kennedy, Dahl & Willis, of Wichita, for appellee.

Before GREEN, P.J., KNUDSON, J., and PHILIP C. VIEUX, District Judge, assigned.

KNUDSON, J.: Plaintiff Cindy Parks appeals the district court's ruling that an exclusionary clause in a policy issued by garnishee Farmers Insurance Company (Farmers) is valid and enforceable. We affirm.

Following the entry of judgment in the underlying personal injury case, a dispute remained as to whether Farmers, the defendant's automobile liability insurance company, was obligated to provide liability coverage in excess of the statutory minimum liability limit despite a policy exclusion. Parks attempts to collect from Farmers through this garnishment action.

The parties stipulated that Endorsement s0404 controls the outcome of the garnishment action. The endorsement excludes coverage arising from "[t]he liability of any insured person while operating your insured motor vehicle for bodily injury to you or a family member, in excess of the limits of liability required by the Financial Responsibility Law." (Emphasis omitted.) If enforceable, this exclusion would afford coverage of $25,000 for the plaintiff rather than policy limits of $100,000.

Following briefing and oral argument, the district court ruled that the step-down provision was valid and enforceable. Parks appeals.

Parks argues the policy exclusion is ambiguous and, thus, unenforceable because it does not specifically designate the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40-3101 *et seq.*, or state the dollar amount of liability coverage under the step-down provision.

Whether an instrument is ambiguous is a matter of law to be decided by the court. *In re Estate of Sanders*, 261 Kan. 176, 181,

929 P.2d 153 (1996). An appellate court has unlimited review of the interpretation and legal effect of a contract. *City of Topeka v. Watertower Place Dev. Group*, 265 Kan. 148, 153, 959 P.2d 894 (1998).

Every motor vehicle liability insurance policy issued to a resident of Kansas must contain an agreement or endorsement that the insurance is provided as required under the KAIRA. K.S.A. 40-3107(d). The KAIRA requires minimum "stated limits of liability" of $25,000 per person and $50,000 per accident for bodily injury or death. K.S.A. 40-3107(e). If a policy purports to meet the requirements of the KAIRA, any omitted or inconsistent language shall be construed to obligate the insurer to meet all of the mandatory requirements of the act. K.S.A. 40-3107(g).

A step-down exclusion that limits coverage under specific circumstances to the minimum liability coverage required by the KAIRA is permissible. See *DeWitt v. Young*, 229 Kan. 474, 480, 625 P.2d 478 (1981); *Universal Underwriters Ins. Co. v. Hill*, 24 Kan. App. 2d 943, 951, 955 P.2d 1333 (1998). Consequently, Parks is reduced to arguing the provision is ambiguous. She first questions the term "Financial Responsibility Law." In *DeWitt*, 229 Kan. at 480, the court stated: "Generally, it is held that exclusions in liability insurance policies are valid and enforceable as to amounts exceeding coverage required in *financial responsibility laws*." (Emphasis added.) For a Kansas policy covering a Kansas resident, that standard is only set under the KAIRA. We conclude Parks' argument is without merit.

Parks next objects that the policy does not specify the applicable minimum coverage limit required by law. Currently, that minimum is $25,000. Farmers' failure to specify that required minimum amount within the exclusion does not violate the KAIRA's requirement of stated limits for the overall policy or render the exclusion ambiguous. Even though the limit is omitted, it is imposed by law under K.S.A. 40-3107(g). See *Hill*, 24 Kan. App. 2d at 951.

Parks also argues the phrase "limits of liability required by the Financial Responsibility Law" does not satisfy the "stated limits" requirement of K.S.A. 40-3107(e) and is, therefore, void and unenforceable. This argument is without merit. The basic limits under

the policy are stated; only the reduced amounts under the step-down exclusion must be determined based upon the mandatory minimum liability requirements of K.S.A. 40-3107(e).

We conclude the district court's ruling should not be disturbed.

Affirmed.